FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEY TRONIC CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FIO CORPORATION, a Canadian corporation,<br><br>    Defendant. | No. 2:24-CV-00116-SAB<br><br>**ORDER DENYING MOTION TO VACATE** |

Before the Court is Defendant's Motion to Vacate Order of Default Against Defendant Fio Corporation, ECF No. 25. Plaintiff is represented by Abigail Staggers and John C. Theiss. Defendant is represented by Nathan Furman and Rory W. Leid, III. The motion was considered without oral argument.

Defendant moves the Court to vacate the Clerk's Order of Default (ECF No. 21).

## Background

Plaintiff filed this suit on April 8, 2024, alleging claims of breach of contract and promissory estoppel. On July 24, 2024, Defendant sent a letter to the Court, requesting (1) a two-month extension to respond to Plaintiff's Complaint and (2) the Court to direct Plaintiff's counsel to speak with Defendant. On August 5, 2024, Plaintiff filed a Motion for Entry of Default; however, on August 7, 2024, the Court denied the Motion, directed the parties to meet and confer, and ordered

**ORDER DENYING MOTION TO VACATE** # 1

1  Defendant to file a response or the parties to file a status report by October 7, 2024.
2        On September 5, 2024, Defendant met and conferred with Plaintiff's
3  counsel. On September 6, 2024, Defendant emailed Plaintiff's counsel and
4  requested to speak with one of Plaintiff's executives. On September 9, 2024,
5  Plaintiff's counsel informed Defendant that Plaintiff intended to proceed with this
6  lawsuit, declined Defendant's request to meet with one of Plaintiff's executives,
7  and indicated it would soon thereafter provide a draft of the ordered status report
8  for Defendant to review and sign for joint filing. On September 15, 2024, Plaintiff
9  emailed Defendant a draft of the status report but cautioned that it would file its
10 own status report if Defendant did not provide consent to file one jointly. On
11 September 19, 2024, Plaintiff sent a follow-up email again requesting Defendant's
12 consent to file the joint status report. On October 2, 2024, Plaintiff filed its own
13 status report, noting that it had sought consent from Defendant but received no
14 response prior to filing.
15       On October 7, 2024, Defendant emailed Plaintiff and provided consent to
16 file the joint status report. Defendant's email further noted that it was in the
17 process of retaining counsel and would communicate with Plaintiff "in due course
18 regarding the filing of an Answer." Ex. H. ECF No. 26-8 at 2. In that same email,
19 Defendant stated that it "trust[ed] that [Plaintiff] [would] not take any steps to enter
20 [Defendant] in Default or obtain any other form of default relief as [sic] against
21 [Defendant] without reasonable notice to [Defendant]." *Id*. Plaintiff replied to
22 Defendant the same day, indicating that it had already filed a status report after not
23 receiving a response from Defendant sooner.
24       On October 8, 2024, Plaintiff filed its second motion for default, and the
25 Clerk's Order of Default was entered on October 10, 2024. Counsel for Defendant
26 entered notices of appearance on October 31, 2024, and filed the pending motion
27 on December 12, 2024.
28 //

**ORDER DENYING MOTION TO VACATE** # 2

**Legal Framework**

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. Courts consider three factors to determine whether good cause exists: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had no meritorious defense; or (3) whether setting aside the default judgment would prejudice the plaintiff. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). A defendant's conduct is culpable if the defendant had notice of the action and intentionally failed to answer. *Id*. at 1092. The Ninth Circuit has held that "intentionally" in this context means that a defendant failed to respond to the complaint in bad faith with the intent to manipulate the legal process. *Id*.

The burden of proof to vacate an entry of default lies with the plaintiff. *Id.* at 1094. A finding that any of the three factors exists is sufficient to deny a motion to vacate; however, a court must find that "extreme circumstances" exist to support the default judgment. *Id*. at 1091.

**Analysis**

Defendant argues that it attempted in good faith to meet the Court's extended deadline by emailing Plaintiff on that date with its consent to file a joint status report. Plaintiff argues that Defendant is culpable because it has failed to provide a plausible explanation for failing to timely file a response despite being given an additional two months.

While the culpability standard is more relaxed for a defendant who did not have representation at the time of the default, *see Mesle*, 615 F.3d at 1093, as noted above, it is clear from the record that Defendant had notice of the lawsuit itself—as well as the extended deadline—but intentionally failed to answer. Defendant's letter to the Court demonstrates that it knew how to contact the Court if necessary, and as a result of that contact, the Court granted Defendant a sixty-day extension to respond to the Complaint. However, instead of contacting the Court or—as ordered

**ORDER DENYING MOTION TO VACATE** # 3

in the Court's prior Order—filing a response to the Complaint or communicating to Plaintiff that it consented to the joint status report, Defendant instead waited until *after* the extended deadline had passed and Plaintiff had filed a Second Motion for Entry of Default to retain counsel and file the instant motion. Notably, Defendant obtained counsel within twenty-one days of the Clerk's Order of Default after failing to do so for the prior six months. This conduct is more than "simple carelessness." *Id*. at 1092–93.

Therefore, regardless of when it obtained counsel, Defendant's conduct shows that it failed to respond with the intent to manipulate the legal process—i.e., "extreme circumstances" that warrant default judgment. *See id*. at 1091.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate Order of Default Against Defendant Fio Corporation, ECF No. 25, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 27th day of February 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO VACATE # 4**